**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALLEGIANT AIR, LLC, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> INTERNATIONAL BROTHERHOOD OF ) <br> TEAMSTERS, AIRLINE DIVISION, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:15-cv-00580-GMN-PAL <br><br> **ORDER** |

Pending before the Court is the Motion for Temporary Restraining Order (ECF No. 10) filed by Plaintiff Allegiant Air, LLC ("Plaintiff" or "Allegiant"). Also pending before the Court is the Notice of Related Cases filed by Defendants on March 31, 2015 in Case No. 2:15-cv-00580-GMN-PAL (ECF No. 9), and Case No. 2:14-cv-00043-APG-GWF (ECF No. 136).

**I.     BACKGROUND**

Allegiant alleges violation of the Railway Labor Act, 45 U.S.C. §§ 151 *et seq.*, ("RLA"). (Compl., ECF No. 1). Allegiant alleges that Defendant International Brotherhood of Teamsters, Airline Division ("IBT") was certified by the National Mediation Board ("NMB") as the collective bargaining representative of Allegiant's pilots on August 24, 2012, and the parties began direct negotiations towards a collective bargaining agreement in December 2012. (*Id.* ¶ 22). "Since April 2014, the parties have been in mediated negotiations under the auspices of the NMB." (*Id.* ¶ 23). The parties participated in six mediated negotiation sessions between April and November 2014, and additional sessions scheduled to be held in December 2014 and January 2015 were canceled by the NMB due to federal budgetary issues. (*Id.* ¶ 24). On January 23, 2015, IBT requested that the NMB make a proffer of arbitration, cancelling negotiation sessions scheduled for February and March 2015. (*Id.* ¶ 25). However, the NMB

informed the parties that it was neither granting nor denying IBT's request, and scheduled another negotiation session in April 2015. (*Id.* ¶ 27).

On November 15, 2013, "IBT filed an action in the United Stated District Court for the Southern District of Florida, alleging that Allegiant had unilaterally changed certain pilots working conditions in violation of the status quo." (*Id.* ¶ 32). The case was subsequently transferred to this district (Case No. 2:14-cv-00043-APG-GWF). (*Id.* ¶ 33). On July 22, 2014, Judge Andrew P. Gordon issued an order granting IBT's preliminary injunction motion in part, requiring that Allegiant "restore the status quo to the extent set forth in his order." (*Id.* ¶ 38).

In January 2015, Allegiant alleges that IBT took a strike vote among the Allegiant pilots, and the pilots authorized IBT to call a strike if necessary. (*Id.* ¶ 43). Moreover, Allegiant alleges that IBT has developed a "Plan B" strategy, whereby, "whether the NMB released the parties from mediation or not, it would strike to gain leverage with Allegiant at the bargaining table." (*Id.* ¶ 44). Allegiant also alleges that on April 1, 2015, it "learned that IBT has in fact called a strike, through its text message system, to begin on the morning of April 2, 2015," and "[u]nless the strike is enjoined by early afternoon on April 1, 2015, Allegiant will have to alert its passengers to the strike and let them know that their flights will be cancelled." (Mot. for TRO 12:24–12, ECF No. 11).

## II.     LEGAL STANDARD

Rule 65 of the Federal Rules of Civil Procedure governs preliminary injunctions and temporary restraining orders, and requires that a motion for temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b). However, "[t]he urgency of obtaining a preliminary injunction necessitates a prompt

determination and makes it difficult to obtain affidavits from persons who would be competent to testify at trial." *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984) (citing 11 C. Wright and A. Miller, *Federal Practice and Procedure, Civil*, § 2949 at 471 (1973)). Thus, "[t]he trial court may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial." *Id.*

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001). Specifically, a preliminary injunction may be issued if a plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the plaintiff's favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, the Ninth Circuit has held that district courts may issue an injunction if the first two elements are met and there are "serious questions going to the merits" and there is "a hardship balance that tips sharply toward the plaintiff." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

"Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22. Above all, a temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

## III.  DISCUSSION

For the reasons discussed below, the Court concludes that Allegiant has established each of the four elements of the TRO analysis. Accordingly, the Court finds that Allegiant is entitled to an *ex parte* temporary restraining order that enjoins IBT and the other Defendants

from engaging in, encouraging, or calling an unlawful strike against Allegiant by its pilots in violation of the Defendants' duties under the RLA.

### A.     Likelihood of Success on the Merits

Before Allegiant is entitled to a TRO, it must first establish that they will likely succeed on the merits of a claim that would entitle the plaintiffs to the equitable remedy sought. *See Winter*, 555 U.S. at 20.  "It has been held many times under the Railway Labor Act that economic action in support of bargaining demands prior to exhaustion of the Act's major dispute procedures under Sections 5 and 6 is unlawful and enjoinable." *Consol. Rail Corp. v. Bhd. of Maint. of Way Employees*, 735 F. Supp. 1265, 1271 (E.D. Pa. 1990) (citing *Consol. Rail Corp. v. Ry. Labor Executives' Ass'n*, 491 U.S. 299, 302 (1989).  However, Section 8 of the Norris-LaGuardia Act ("NLGA"), 29 U.S.C. § 108, provides that "[n]o restraining order or injunctive relief shall be granted to any complainant who has failed to comply with any obligation imposed by law which is involved in the labor dispute in question, or who has failed to make every reasonable effort to settle such dispute either by negotiation or with the aid of any available governmental machinery of mediation or voluntary arbitration."

Here, Allegiant asserts that the major dispute procedures of the RLA have not been exhausted and therefore, IBT's planned strike would be unlawful. (Mot. for TRO 17:11–22:13). Moreover, Allegiant asserts that is has met any obligation it may have under Section 8 of the NLGA. (*Id.* 25:17–27:23).  Accordingly, the Court finds that Allegiant has shown a likelihood of success on the merits.

### B.     Likelihood of Irreparable Harm in the Absence of Temporary Relief

Allegiant asserts that it would suffer irreparable harm absent temporary relief.  For example, Allegiant asserts that a one-day strike "could cost the company in excess of $7.7 million in lost revenue, fare refunds, vouchers to displaced/inconvenienced passengers, and other disruption expenses." (Mot. for TRO 23:21–20).  Moreover, Allegiant asserts that

"[p]assengers whose flights are cancelled certainly would be less likely to fly with Allegiant in the future, damaging its goodwill with its customers (and also the airports to which Allegiant flies)." (*Id.* 23:13–11; Decl. of Steven E. Harfst ¶ 28, ECF No. 10-1). "Evidence of threatened loss of prospective customers or goodwill certainly supports a finding of the possibility of irreparable harm." *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 841 (9th Cir. 2001). Accordingly, the Court finds that Allegiant would suffer irreparable harm in the absence of temporary relief.

### C. The Balance of Equities Tips in Plaintiff's Favor

The balancing aspect of the TRO analysis requires courts to weigh "the competing claims of injury and [] consider the effect on each party of the granting or withholding of the requested relief." *Amoco Prod. Co. v. Village of Gambell, AK*, 480 U.S. 531, 542 (1987). "It is sufficient that maintenance of the status quo until exhaustion of the procedures mandated by the Act, comports with the language and policy of the Act." *Consol. Rail Corp.*, 735 F. Supp. at 1272. Accordingly, the Court finds that the balance of equities tips in Allegiant's favor.

### D. The issuance of a TRO benefits the public's interest.

"The public interest analysis for the issuance of [injunctive relief] requires [district courts] to consider whether there exists some critical public interest that would be injured by the grant of preliminary relief." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1138 (9th Cir. 2011) (citation omitted). In this case, the Court finds no such public interest that would be injured by the issuance of such injunctive relief. Rather, the injunction furthers the public interest by insuring the continued operation of air travel on a major carrier. *See Delta Air Lines, Inc. v. Air Line Pilots Ass'n, Intern.*, 238 F.3d 1300, 1308 n.18 (11th Cir. 2001).

## IV. NOTICE OF RELATED CASES

In the interest of judicial economy and familiarity, Defendants' request to transfer Case No. 2:15-cv-00580-GMN-PAL, *Allegiant Air, LLC v. International Brotherhood of Teamsters,*

*Airline Division et al.*, to the Honorable Andrew P. Gordon, United States District Judge, and the Honorable George W. Foley, Jr., United States Magistrate Judge, is hereby **GRANTED**.

## V.   CONCLUSION

For the foregoing reasons, the Court makes the following orders:

**IT IS HEREBY ORDERED** that the *Ex Parte* Motion for Temporary Restraining Order (ECF No. 10) filed by Plaintiff Allegiant Air, LLC is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants, their officers, agents, employees, and members, and all persons acting in concert or participation with them, are hereby temporarily restrained pending a hearing on, and resolution of, Allegiant's motion for a preliminary injunction in this matter from in any manner or by any means directing, calling, causing, authorizing, inducing, instigating, conducting, continuing, encouraging, or engaging in any strike, work stoppage, picketing, sick-out, slow-down, work-to-rule campaign, or other concerted action which is intended to interfere with Allegiant's normal operations in violation of the RLA.

**IT IS FURTHER ORDERED** that Defendants, their officers, agents, employees, and members, and all persons acting in concert or participation with them, shall immediately take all reasonable steps with their power to prevent the aforesaid actions and to refrain from continuing the aforesaid actions, if commenced.

**IT IS FURTHER ORDERED** that Plaintiff shall post a nominal bond of ten thousand dollars ($10,000) because the evidence indicates that Defendants will suffer only minimal, if any, damage by the issuance of this temporary restraining order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall transfer Case No. 2:15-cv-00580-GMN-PAL, *Allegiant Air, LLC v. International Brotherhood of Teamsters, Airline Division et al.*, to the Honorable Andrew P. Gordon, United States District Judge, and the Honorable George W. Foley, Jr., United States Magistrate Judge, and **all future pleadings**

1  **shall bear the following Case No.: 2:15-cv-00580-APG-GWF.**

2  **IT IS FURTHER ORDERED** that Defendants shall have until **Monday, April 6, 2015,** to file their Response Brief to Plaintiff's Motion for Preliminary Injunction (ECF No. 11).  Thereafter, Plaintiff shall have until **Wednesday, April 8, 2015,** to file their Reply Brief. The matter shall be set for hearing on Plaintiff's Motion for Preliminary Injunction on **Friday, April 10, 2015**, at **10:00 AM in Courtroom 6C before the Honorable Andrew P. Gordon, United States District Judge.**

**DATED** this 1st day of April, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge