**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| ALLEGIANT AIR, LLC,<br><br>     Plaintiff,<br><br>     v.<br><br>INTERNATIONAL BROTHERHOOD OF<br>TEAMSTERS, AIRLINE DIVISION, et al.,<br><br>     Defendants. | Case No. 2:15-CV-00580-APG-GWF<br><br>**ORDER AMENDING PRELIMINARY<br>INJUNCTION**<br><br>(Dkt. #34) |

On May 1, 2015, I issued a preliminary injunction enjoining the pilots of Allegiant Air from engaging in a strike related to the airline's alleged violation of one of my orders in a related case.[1] That injunction was entered after a three-day evidentiary hearing concerning the alleged status quo violations asserted by the pilots. Teamsters, which represents the pilots, has challenged the language of the preliminary injunction as overly broad. In its view, certain terms in the injunction "could be interpreted to interfere with, if not outright prohibit, non-work stoppage conduct and communications, including conduct and communications that are clearly protected by the First Amendment."[2]

After receiving supplemental briefs from both parties, I hereby amend lines 10-21 on page 10 and lines 1-2 on page 11 of the injunction (Docket #33) to read as follows:

> IT IS HEREBY ORDERED that Defendants, their officers, agents, employees, and members, and all persons acting in concert or participation with them, are hereby enjoined from in any manner or by any means directing, calling, causing, authorizing, inducing, instigating, conducting, continuing, encouraging, or engaging in any strike, work stoppage, "work-to-rule," sick-out, slow-down, picketing, or other concerted refusal to perform normal employment duties in violation of the Railway Labor Act, with respect to any alleged status quo violation that was or could have been addressed either in the evidentiary hearing

---

[1] (*See* Dkt. #33.)

[2] (Dkt. #34 at 2.)

on April 10, 15, and 16, 2015, or in the order I issued on May 1, 2015.  These restrictions do not apply to new status quo violations, if any, that did not exist before May 1, 2015.

IT IS FURTHER ORDERED that Defendants, their officers, agents, employees, and members, and all persons acting in concert or participation with them, shall immediately take all reasonable steps within their power to prevent the aforesaid actions and to refrain from continuing the aforesaid actions, if commenced.

IT IS FURTHER ORDERED that the ten thousand dollar ($10,000) bond posted by Allegiant as security for the Temporary Restraining Order shall serve as security for this Preliminary Injunction.  The amount is appropriate because the evidence indicates that Teamsters will suffer only minimal, if any, damage by the issuance of this preliminary injunction.

IT IS FURTHER ORDERED that this injunction has no bearing on the parties' respective rights to engage in economic self-help once the parties exhaust the Railway Labor Act's major dispute resolution procedures.

DATED this 7th day of May.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE